IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AISHA PUTNAM, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 2074 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| CARAMELCRISP LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has filed a motion to exclude documents the defendant produced more than a year *after* the close of discovery. For the following reasons, the motion [Dkt. #91] is granted and the documents are excluded.

After several extensions, fact discovery in this case closed on November 11, 2022. Oddly, nearly a year later, on September 28, 2023, counsel reported to Judge Hunt (to whom this case had just been reassigned) that they were still "determining whether they need expert discovery." [Dkt. #83]. They decided that they did and submitted an expert discovery schedule on October 9, 2023. [Dkt. #86]. The schedule was pared down by the court and deadlines for disclosures of affirmative expert witnesses were set (12/15/23), as were deposition dates for those witnesses (2/29/24), disclosure of rebuttal witnesses (3/29/24), and deposition dates for rebuttal witnesses (4/30/24). [Dkt. #87]. At some point – defendant won't say when – defendant retained and disclosed Kevin Keener as its expert and, according to counsel – at some point – he asked whether there were any additional materials that might be relevant to his opinion. Defendant purportedly took a look – at some point – and came up with 115 pages of documents that it said it had not found a year earlier. Purportedly,

pursuant to Fed.R.Civ.P. 26(e)'s requirement of supplemental production, defendant produced those documents to plaintiff in three batches on December 11-13, 2023.

Now, obviously, producing materials a year after the close of discovery raises all sorts of problems and red flags. Unfortunately, in its response brief, defendant is rather cavalier about its discovery obligations. But, this very late production of documents by the defendant implicates Fed.R.Civ.P.37(c)(1), which warns that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The proponent of the evidence – here the defendant – bears the burden of making this showing. *See Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). While "[t]he sanction of exclusion is ... automatic and mandatory" absent such a showing, *Barnett v. Menard, Inc.*, 851 F. App'x 619, 623 (7th Cir. 2021);*Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996), "[t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court," *Johnson v. C. R. Bard, Inc.*, 77 F.4th 641, 646 (7th Cir. 2023), and a district court need not make explicit findings concerning the existence of a "substantial justification" or the harmlessness of a failure to disclose. *Keach v. U.S. Tr. Co.*, 419 F.3d 626, 640 (7th Cir. 2005). The district court's discretion should be guided by the following factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Keach*, 419 F.3d at 640; *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012); *David v. Caterpillar, Inc.*, 324 F.3d 851,

857 (7th Cir. 2003).[1] Here, when those considerations are weighed, the needle points toward excluding the documents that the defendant inexplicably produced more than a year after the close of fact discovery. There is no acceptable justification for what has occurred in this case.

**Prejudice or Surprise**:

It is always going to be a surprise – to put it mildly – if a party suddenly produces documents a year *after* discovery is closed. But, according to the defendant, there is no prejudice because 85 pages of the documents were publicly available, the food and safety inspection mentioned in previously produced documents, part of the email was previously produced, and the other documents came from a person disclosed as a as a person with knowledge. [Dkt.#100, at 7-9]. Perhaps, but isn't there at least some prejudice insofar as not knowing until after discovery is over that a public document is going to be used? Or how it's going to be used? And if the other documents were already produced, then why didn't the defendant's expert simply use them instead asking of additional materials?

**Ability to Cure**

According to the defendant, any inability to cure any prejudice is the fault of the plaintiff. The defendant contends that:

> Had Plaintiff met and conferred with Defendant before filing this Motion, the Parties could have conferred on whether, after reviewing the documents, Plaintiff actually foresees a need for any further fact discovery. If there was such a need, the Parties might have agreed on a proposal to present to the Court. Plaintiff, however, did not meet and confer.

[Dkt. #100, at 9].

---

[1] Discretion without a criterion for its exercise is authorization of arbitrariness. *Brown v. Allen*, 344 U.S. 443, 496 (1953)(Frankfurter, J., concurring and dissenting in part).

It's true that, if your opponent sends you a hundred pages of discovery a year after fact discovery is over, one would think you would contact him and ask what was going on. Most people certainly would. But, for whatever reason, the plaintiff did not. Instead, the plaintiff, in apparent violation of L.R. 37.2, filed a motion under Fed.R.Civ.P. 37 the day after the last pages came in.[2]

In order to "curtail undue delay and expense in the administration of justice," Local Rule 37.2 states that:

> . . . this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's'. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

N.D.Ill.L.R. 37.2.

District courts have discretion to determine how and when to enforce their Local Rules and related matters. *Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 549 (7th Cir. 2017). *See also Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir.1994)(Whether to apply such a rule strictly or to overlook any transgression is a matter we leave to the district court's discretion, . . . .");

---

[2] In order to "curtail undue delay and expense in the administration of justice," Local Rule 37.2 states that "this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation."

*Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir.1995)("the decision whether to apply [a local] rule strictly or to overlook any transgression is one left to the district court's discretion"). It should come as no surprise to a defendant that produces 115 pages of discovery out of nowhere *more than a year after the close of discovery* that a court is not going to look the other way simply because the plaintiff didn't confer with them before filing a motion. Nor should it. Rules – local or otherwise – are meant to be followed. *Cf., Lowrey v. Tilden*, 948 F.3d 759, 761 (7th Cir. 2020).

In any event, by its terms, the Rule literally applies to "motions for discovery and production of documents," not to motions to ban late-produced documents. Moreover, while it is possible the two sides could have worked something out to address the late-produced documents, it seems unlikely given the tenor of the parties' presentations. The circumstances are not unlike those in *Finwall v. City of Chicago,* 239 F.R.D. 494 (N.D. Ill. 2006), where:

> [a] call would simply have signaled the [plaintiff's] capitulation to the reordering of the discovery schedule necessitated by the [defendant's] rule and discovery closure violations. Local Rule 37.2 did not obligate the [plaintiff] to be the hapless victims of the [defendant's] unapologetic disobedience to [the court's] discovery schedule.

239 F.R.D. at 500. Defendant could certainly be described as "unapologetic" here.

Most importantly, however – and in keeping with the defendant being unapologetic – the defendant simply assumes that discovery would be reopened because it didn't locate and produce documents it calls relevant [Dkt. #100, at 3] a year earlier. That's a bold and faulty assumption. Discovery began back in January of 2021 and was scheduled to be completed by July 22, 2021, a date the parties, themselves, selected. [Dkt. #25]. At the parties' behest, that deadline was extended several times – first, for an additional four months [Dkt. #28], then for another four months [Dkt. # 33], then for an additional three months [Dkt. #50], then for three months again [Dkt. #55], and

5

finally, another two months. [Dkt. #59]. That is more than sufficient. Late disclosure is not harmless simply because there is time to reopen discovery before trial. *Smith v. City of Chicago*, No. 21 C 1159, 2023 WL 5211667, at *8 (N.D. Ill. Aug. 14, 2023); *Finwall*, 239 F.R.D. at 500. And, additional discovery – and perhaps, additional discovery disputes – long after the deadline does not "curtail undue delay and expense in the administration of justice." N.D.Ill.L.R. 37.2.

**Disruption to Trial**

While it is true that no trial date has been set, that fact does not alter the result reached in this Opinion. Judge Hunt made it clear that a trial date will be set on the heels of the completion of expert discovery. [Dkt. #90 ("Once all discovery deadlines have passed, the Court will hold a pretrial status hearing at which time a firm trial date will be set.")]. This case is already almost four years old. Defendant's curative for its lengthy delay in producing these documents – additional discovery – will, of course, push back the end of expert discovery, which will in turn push back the setting of a trial date. So, while there is technically no trial to disrupt, there is a progression to trial that will be derailed.

**Bad Faith**

While the court cannot definitively say the defendant acted in bad faith, it certainly cannot find that it did not. The defendant's explanation of what it did is cursory to the point of being insouciant:

> . . . when Defendant hired its expert witness, the expert requested certain documents which he believed would be relevant to creating his expert report. When Defendant found some of the documents he requested, it provided them to counsel, and counsel provided them to Plaintiff as soon as possible.

[Dkt. #100, at 10]. This rests on the unsupported assertion of counsel in a brief. It is not evidence.

6

*I.N.S. v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984)(dismissing "[c]ounsel's unsupported assertions in respondent's brief . . . ."); *Mitze v. Colvin*, 782 F.3d 879, 882 (7th Cir. 2015)("But assertions in briefs are not evidence,. . . ."); *United States v. Stevens*, 500 F.3d 625, 628-29 (7th Cir. 2007) ("[A]rguments in a ... brief, unsupported by documentary evidence, are not evidence."); *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 853 (7th Cir. 2002) ("[I]t is universally known that statements of attorneys are not evidence.").³

Moreover, "when" is the question. When *did* the defendant hire its expert witness? When *did* the defendant find the documents? And why is the defendant putting together a file of unproduced documents for its expert witness to rely on in the first place. And, why didn't the defendant find these documents a year ago when it was supposedly conducting reasonable searches for them? What efforts did defendant undertake to assist its expert that it failed to undertake to produce the documents in discovery? And finally, as the plaintiff points out, unless the defendant's expert rushed through preparation of his report, it certainly would appear the defendant, at the very least, failed to produce the documents when it found them and provided them to its expert. Instead, it would appear the defendant waited, documents in hand, until the expert completed his work.

---

³ It cannot be too often noted that in any context merely saying so does not make it so. *See, e.g., United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir. 2010); *Guerrero v. BNSF Ry. Co.*, 929 F.3d 926, 929 (7th Cir. 2019). It never has. *See also Stromberg Motor Devices Co. v. Zenith Carburetor Co.*, 254 F. 68, 69 (7th Cir. 1918). *Accord Madlock v. WEC Energy Group, Inc.*, 885 F.3d 465, 473 (7th Cir. 2018); *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 770 (7th Cir. 2020); *Donald J. Trump for President, Inc. v. Secy of Pennsylvania*, 830 F. Appx 377, 381 (3d Cir. 2020)("But calling an election unfair does not make it so. Charges require specific allegations and then proof. We have neither here."). Even the Solicitor General's unsupported assertions are not enough. *Digital Realty Trust, Inc. v. Somers*, _U.S._, 138 S.Ct. 767, 779 (2018); *Bowers v. Dart*, 1 F.4th 513, 520 (7th Cir. 2021)("With all of this evidence in mind, we share the district court's conclusion that a rational juror could doubt that Bowers was telling the truth by insisting he could not walk."). "Talk is cheap," *Planned Parenthood of Indiana and Kentucky v. Box*, 949 F.3d 997, 998 (7th Cir. 2019). An attorney's assertions in a motion or brief are not evidence. *See INS v. Phinpathya*, 464 U.S. 183, 188 n. 6 (1984); *Mitze v. Colvin*, 782 F.3d 879, 882 (7th Cir. 2015); *Malik v. Holder*, 546 F. App'x 590, 593 (7th Cir. 2013); *Gross v. Knight*, 560 F.3d 668, 672 (7th Cir.2009).

As stated earlier, the defendant's tale is cursory, leaves out all the details, and leaves out the entire timeline. When documents are produced more than year late – not a few weeks or even a few months – a sketchy, purely self-serving explanation does not suffice! The later the documents are produced, the better the explanation should be. Combining that along with the other factors, exclusion is appropriate in this case.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/18/24